IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CLIVE B. HILGERT, | |
|---|---|
| Plaintiff, | 8:17CV115 |
| vs. | |
| CHRISTINE VANDERFORD, et al; | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff filed a Complaint on April 3, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's father, Clive D. Hilgert ("Decedent"), was the sole shareholder of Cotner Investment Corporation ("CIC"), a Nebraska corporation. CIC was established and classified as a C corporation for tax purposes. (Filing No. 1 at CM/ECF p. 6.) CIC owned Sugar Plum Candies – a candy store – which was operated in Lincoln, Nebraska. Prior to his death Decedent executed a will (the "Will") naming his three children the equal beneficiaries of CIC stock including Plaintiff Clive B. Hilgert. (*Id.* at CM/ECF pp. 7-8.) However, the Will also provided that the shares of stock were restricted and they could not be "sold, transferred, liquidated, gifted, or encumbered." (*Id.* at CM/ECF p. 3.) The Will purports to name Decedent's widow, Katrinka Hilgert, as president of CIC and bestows upon her managerial authority over CIC for two years following Decedent's death.

Defendant Christine Vanderford is the attorney in Lincoln, Nebraska who drafted Decedent's Last Will and Testament. Vanderford also allegedly served as the personal representative of Decedent's estate and as a vice president of CIC.

Decedent died on January 21, 2011. (*Id*. at CM/ECF p. 27.) On June 27, 2013, Defendant Katrinka Hilgert sent a "letter of intent" to purchase CIC stock and Sugar Plum Candies from the beneficiaries for a total amount of $4,500. (*Id*. at CM/ECF p. 15.) Plaintiff alleges that Katrinka Hilgert and Vanderford swore by affidavit "that the only asset of [CIC] was the money losing candy store named Sugar Plum Candies." (*Id*.) Plaintiff further asserts that because CIC was operating at a loss, Defendants did not assign any value to an alleged $1,000,000 loss carried forward by CIC. (*Id*. at CM/ECF p. 3.)

Plaintiff initially filed a complaint in the United States District Court for the Southern District of Texas. (*Id*. at CM/ECF p. 1.) The court found venue was not proper in the Southern District of Texas. Rather than transfer the case to the District of Nebraska, the court determined transfer was inappropriate because Plaintiff's claims were wholly without merit. *See Hilgert v. Vanderford et al*, case no. 7:15cv00488, Filing No. 26 (S.D. Tex. August 22, 2016). As a result, the Southern District of Texas dismissed Plaintiff's claims without prejudice to refiling. *Id*.

Plaintiff's Complaint now before this court raises five separate causes of action, but they can be narrowed down to two separate claims: 1) fraudulent and/or negligent misrepresentation and 2) conspiracy. Specifically, Plaintiff alleges Decedent could not create special classes of stock and appoint Katrinka Hilgert as president of CIC through his Will. Plaintiff argues that if he had received unrestricted stock he (and the other beneficiaries of the stock) could have used the $1,000,000 federal income tax loss carry forward.

## II.  APPLICABLE STANDARDS OF INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### A.  Fraudulent/Negligent Misrepresentation

Plaintiff has accused Defendants of making fraudulent and/or negligent representations.

> To state a claim for fraudulent misrepresentation, a plaintiff must allege (1) that a representation was made; (2) that the representation

3

was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that the representation was made with the intention that the plaintiff should rely on it; (5) that the plaintiff did so rely on it; and (6) that the plaintiff suffered damage as a result.

*Knights of Columbus Council 3152 v. KFS BD, Inc.*, 791 N.W.2d 317, 331 (Neb. 2010). "Negligent misrepresentation has essentially the same elements as fraudulent misrepresentation, with the exception of the defendant's mental state." *Lucky 7, L.L.C. v. THT Realty, L.L.C.*, 775 N.W.2d 671, 675 (Neb. 2009). That is, a claim for negligent misrepresentation does not require the defendant to know the representation was false, only that he or she was negligent in determining the truth of the statement. *Id.* at 675.

In this case, Plaintiff has failed to plead facts sufficient to state a claim for fraudulent or negligent misrepresentation. Plaintiff's allegation is somewhat confusing because in his pleading he states: "The Last Will and Testament of [Decedent] clearly says what it says and Plaintiff is not seeking legal action in a court to recover any portion of the estate that Plaintiff is not already entitled to." (Filing No. 1 at CM/ECF p. 7.) However, his primary assertion of fraud is that the Will was "artfully worded" and Defendants used "smoke and mirrors designed to misdirect and confuse the new beneficiaries of [CIC]." (*Id.* at CM/ECF p. 14.) He asserts, but for the special class designation on the CIC common stock, the beneficiaries could have used the $1,000,000 loss carry forward for their benefit. Additionally, Plaintiff asserts had the beneficiaries received the stock without any restrictions, they would have continued to run the candy store, even though it was not profitable, "just to please the customers."

Plaintiff's claims for fraudulent and negligent misrepresentation fail as a matter of law. He does not specify what statements or representations Defendants made and upon which he relied. His primary complaint appears to be that the Will was "artfully worded" to misdirect and confuse the new beneficiaries. As an initial matter, the court is skeptical the Will can be considered a representation for the

4

purposes of an action based on either fraudulent or negligent misrepresentation. The Will is a record of the final wishes for the disposition of Decedent's assets, not representations intended to induce reliance.

And even if the terms of the Will could somehow be considered representations, they could not be representations made by either Defendant. The Will may have been drafted by Vanderford, but it was adopted and executed by Decedent. Thus, even if the contents of the Will could be considered a representation for the purposes of fraud, the representations would be those of Decedent.

Plaintiff also fails to provide any clear basis for his assertion Defendants intentionally or negligently lured Plaintiff into relying upon any representations. Or that any such reliance was detrimental to him. Plaintiff argues that Defendants represented to him that the candy store was the only asset of CIC and that the tax loss had no value. Plaintiff does not allege he relied upon this statement in any way or what he would have done differently but for that statement. That is, he does not state how reliance on the statement was detrimental to him.

Plaintiff asserts CIC had a $1,000,000 carry forward loss that the shareholders could have used if the stock had not been restricted. C Corporations are taxed as separate entities; net operating losses ("NOL") and capital losses of the corporation generally do not pass through to the individual shareholders. *See generally* 26 U.S.C. § 172 (discussing corporation net operating loss deduction limitations); 26 U.S.C. §§ 1211 and 1212 (discussing corporation capital loss deductions); *see also Comptroller of Treasury of Maryland v. Wynne*, 135 S. Ct 1787, 1793 n.1 (2015) (discussing the difference between S Corporations and C Corporations). And even if the corporate losses could pass through, Plaintiff does not explain how, but for the restrictions on the stock, he could have personally benefited from the accrued corporate losses, what the value of those losses were to him individually, or how the carried forward losses would have affected the value

of the stock. In short, his claims for fraudulent and negligent misrepresentation are wholly without merit.

**B. Conspiracy**

Plaintiff also raises a claim for conspiracy. Under Nebraska law a civil conspiracy is "a combination of two or more persons to accomplish by concerted action an unlawful or oppressive object, or a lawful object by unlawful or oppressive means." *Ashby v. State*, 779 N.W.2d 343, 357 (Neb. 2010). Civil conspiracy is not a separate cause of action. *Id.* "[A] civil conspiracy is only actionable if the alleged conspirators actually committed some underlying misconduct." *Id.* Having found no underlying misconduct on the part of Defendants, Plaintiff's claim for conspiracy fails as a matter of law.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice.

2. The court will enter judgment by separate document.

Dated this 12th day of June, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge